**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSE BRUBAKER and** | : | |
| **DONALD BRUBAKER,** | : | |
| **Plaintiffs** | : | |
| | : | **No. 1:13-cv-02369** |
| **v.** | : | |
| | : | |
| **AMICA MUTUAL INSURANCE** | : | **(Judge Kane)** |
| **COMPANY,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is Plaintiffs Rose Brubaker and Donald Brubaker's motion to remand the above-captioned action to the Court of Common Pleas of York County, Pennsylvania. (Doc. No. 8.) For the reasons that follow, the Court will deny the motion.

## I. BACKGROUND

Plaintiffs allege that on or about June 6, 2008, Wright Express Services Company ("Wright Express") pumped and spilled diesel fuel on the ground of a BP gas station in York County, Pennsylvania. (Doc. No. 1-2 at 5.) Shortly thereafter, Plaintiff Rose Brubaker allegedly slipped as a result of the diesel spill, causing her serious injury. (Id. at 5-6.) On June 2, 2009, Plaintiffs filed a lawsuit in the Court of Common Pleas of York County, Pennsylvania, against SAC, Inc., the owner of the BP station, and Wright Express. (Doc. No. 9 at 4.) That action proceeded through discovery and mediation. (Id. at 5-6.) During mediation, Plaintiffs assert that "it became clear that Wright Express was only willing to put in limited money because they did not have insurance coverage." (Id.) Wright Express thereafter stopped paying its counsel and is proceeding pro se in that action. (Id.) Plaintiffs next notified their insurance carrier, Defendant Amica Insurance Company, of their uninsured motorist claim. (Id.) On July 18, 2013, after

Plaintiffs and Defendant were unable to agree on a settlement, Plaintiffs filed a civil action against Defendant in the Court of Common Pleas of York County, Pennsylvania. (Doc. No. 1-2.) Plaintiffs assert that they intended to consolidate that action with the earlier suit, filed against Wright Express, but Defendant timely filed a notice of removal to this Court on the basis of diversity jurisdiction before Plaintiffs could consolidate the actions. (Doc. Nos. 1, 9 at 4.)

On October 10, 2013, Plaintiffs moved the Court to remand this action to the Court of Common Pleas of York County, Pennsylvania. (Doc. No. 8.) Plaintiffs argue that the Court should remand the case in order to consolidate it with the first-filed pending action, thereby promoting judicial efficiency. (Id.) The motion is fully briefed and ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C.A. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. See Ramos v. Quien, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008). Following removal, remand to the state court is appropriate for (1) lack of subject matter jurisdiction or (2) a defect in the removal process. See 28 U.S.C.A. § 1447(c); PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir.1993). However, even when an action is properly removed and no defect exists, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See 28 U.S.C.A. § 1447(e). "This provision compels courts to exercise discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved." Morze v. Southland Corp., 816 F. Supp. 369, 370 (E.D. Pa. 1993). Courts have "substantial discretion" in determining whether to permit

joinder and remand under Section 1447(e). See Doe No. 4 v. Soc'y for Creative Anachronism, Inc., No. 07-1439, 2007 WL 2155553, at *3 (E.D. Pa. July 25, 2007).

## III. DISCUSSION

In support of their motion, Plaintiffs assert that remand will promote judicial economy and avoid duplicative litigation by allowing Plaintiffs to consolidate this action with the existing state court action. (Doc. No. 9 at 7.) Defendant argues that removal was proper and, because Plaintiffs have not moved to join Wright Express, the non-diverse party whose inclusion would destroy this Court's subject matter jurisdiction over the case, Plaintiffs may not avail themselves of discretionary remand under 28 U.S.C. 1447(e). (Doc. No. 10-1 at 3-5.) Plaintiffs do not respond to this argument.

The Court agrees with Defendant. Section 1447(e) clearly sets forth that it permits the Court to (1) deny joinder of the non-diverse party, or (2) may permit joinder, thereby stripping the Court of subject-matter jurisdiction, and subsequently remand the case to state court. Here, Plaintiffs explicitly state that they are not moving to join Wright Express to the federal action. (Doc. No. 9 at 15.) Thus, Plaintiffs essentially ask the Court to remand the action now because, in the event that Plaintiffs sought to join Wright Express to this action at some time in the future, and the Court permitted such joinder, this Court would no longer have jurisdiction; therefore, Plaintiff reasons, the Court should remand the action now. The Court finds this is not an proper reading of its remand power under Section 1447(e). See Lempke v. Gen. Elec., Co., No. 10-5380, 2011 WL 2415076 (E.D. Pa. June 16, 2011) (declining to remand under Section 1447(e) "because plaintiff has not sought to join a non-diverse party, which is the trigger for a district court to exercise its discretionary authority to order remand under § 1447(e)").

At least one district court in this Circuit disagrees with this reading of Section 1447(e), and remanded an action under Section 1447(e) despite the plaintiff not moving for joinder at the time of the motion to remand. See Groh v. Monestro. No. 13-1188, 2013 WL 1809096, at *4 (E.D. Pa. Apr. 29, 2013). But Section 1447(e) clearly identifies joinder as the mechanism to divest this court of otherwise proper jurisdiction. Here, Plaintiffs unambiguously state that they are not seeking to join a non-diverse party to the federal action. Therefore, as Defendant properly removed this action, jurisdiction lies in federal court at this time and there is no basis for remand under Section 1447(e). See Ryan v. Johnson, 115 F.3d 193, 195 (3d Cir. 1997) ("It is axiomatic that federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them by Congress.") (internal quotations and citations omitted).

Although Plaintiffs contend their approach would support judicial economy, the Court is limited by the statute and by principles of federal jurisdiction. See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345 n. 9 (1976) ("[C]ases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute."). Because Plaintiffs have not sought to join a non-diverse party to this action, the question of joinder is not presently before the Court, and Section 1447(e) does not apply. Defendant is therefore correct that Plaintiffs' burden is to show that removal was defective or improper pursuant to Section 1447(c), which Plaintiffs have not done in support of their motion to remand.

## IV. CONCLUSION

The Court finds that Section 1447(e) does not apply because Plaintiffs have not sought to join a non-diverse party to this federal action. Because the Court has subject-matter jurisdiction

and there was no defect in the removal process, Plaintiffs' motion to remand will be denied. An order consistent with this memorandum follows.